**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br> v.<br><br>ANGEL NOEL GUEVARA, AKA<br>Peloncito,<br><br>    Defendant - Appellant.</td><td>No. 23-1574<br><br>D.C. No.<br>3:08-cr-00730-WHA-3<br><br>MEMORANDUM[*]</td></tr>
</table>

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued & Submitted November 12, 2024
San Francisco, California

Before:  S.R. THOMAS and MILLER, Circuit Judges, and MOLLOY, District
Judge.[**]

---

  [*]  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  [**]  The Honorable Donald W. Molloy, United States District Judge for
the District of Montana, sitting by designation.

Angel Noel Guevara appeals his sentence for multiple offenses arising from his participation in Racketeer Influenced and Corrupt Organizations Act ("RICO") and Violent Crimes in Aid of Racketeering Act conspiracies and associated offenses in furtherance of the Mara Salvatrucha gang ("MS-13").[1]  Guevara challenges his sentence on three grounds.  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  We affirm.

In procedural challenges to federal sentences, we "review the district court's interpretation of the [United States Sentencing] Guidelines de novo, the district court's application of the Guidelines to the facts of the case for abuse of discretion, and the district court's factual findings for clear error." *United States v. Perez*, 962 F.3d 420, 447 (9th Cir. 2020) (citation omitted).  If the sentence "resulted from an incorrect application of the Sentencing Guidelines," and the error is not harmless, we remand to the district court for further proceedings.  *See United States v. Cantrell,* 433 F.3d 1269, 1279 (9th Cir. 2006).

---

[1] Guevara was initially convicted and sentenced in 2011.  CR 08-00730-003, Dkt. Nos. 5035, 5644.  The challenged sentence in the instant appeal is in fact a resentencing, imposed in 2023 after the Ninth Circuit vacated one of the counts from the 2011 conviction, affirmed Guevara's other convictions, and remanded for resentencing.  *United States v. Cruz-Ramirez*, 782 F. App'x 531, 538 (9th Cir. 2019) (unpublished) (vacating conviction for Count Four, use or possession in furtherance of a crime of violence, 18 U.S.C. § 924(c), in light of *United States v. Davis*, 588 U.S. 445 (2019), which held that the relevant statutory text is unconstitutionally vague).

Under the clear error standard, "[s]o long as the district court's view of the evidence is plausible in light of the record viewed in its entirety, it cannot be clearly erroneous, even if the reviewing court would have weighed the evidence differently had it sat as the trier of fact." *United States v. Reyes*, 772 F.3d 1152, 1157 (9th Cir. 2014) (citation omitted). Factual findings include whether it was reasonably foreseeable to the defendant that his fellow gang members would commit certain predicate acts, *see id.*, and whether he was an "organizer or leader" under U.S.S.G. § 3B1.1(a). *United States v. Avila*, 95 F.3d 887, 889 (9th Cir. 1996).

Because the parties are familiar with the history of the case, we need not recount it here.[2]

I

The district court did not err in imposing Guevara's sentence. Guevara challenges his life sentence for Racketeering Conspiracy ("RICO Conspiracy"), 18 U.S.C. § 1962(d), Count One. He argues that the district court committed procedural error (1) by designating Guevara a leader of the gang's 20th Street Clique and applying a four-level sentencing enhancement, and (2) by calculating

---

[2] To the extent that record information referenced in this disposition has been filed under seal, we hereby unseal it for the limited purpose of this disposition.

the incorrect base level for this count by using five murders committed by other 20th Street Clique members as the underlying racketeering offenses under U.S.S.G. § 2E1.1.

However, the record evidence the district court relied on for both key factual findings shows that the court did not abuse its discretion by calculating the sentence based on clearly erroneous facts.

First, the district court did not clearly err by finding that Guevara was a leader, which qualified him for the four-level enhancement under U.S.S.G. § 3B1.1. The district court relied on testimony from MS-13 members that Guevara was a leader and remained involved in the 20th Street Clique's leadership while incarcerated. *See Perez*, 962 F.3d at 452 (noting that in determining the applicability of a sentencing enhancement, "the district court is entitled to rely on co-conspirator testimony offered at trial"); *see also United States v. Ingham*, 486 F.3d 1068, 1076 (9th Cir. 2007) (where there is other evidence of the defendant's authority over the conspiracy, a finding that the defendant "controlled the day-to-day operations of" his co-conspirators is not always required to support the leader-role enhancement); *cf. United States v. Gadson*, 763 F.3d 1189, 1222 (9th Cir. 2014) ("The district court need not make any specific findings as to" the

defendant's role "so long as evidence in the record supports an inference that the defendant exercised the requisite degree of control.").

Second, the district court did not clearly err in the factual finding that led it to set the base level at 43, a life sentence, under the relevant Guidelines provisions. Guevara argues that the district court erred in finding that the five 2008 murders—which occurred while he was incarcerated—were reasonably foreseeable to him. The district court relied on the same testimony from MS-13 members, as well as evidence of Guevara's leadership role in setting and enforcing the 20th Street Clique's agenda, to find that the murders were reasonably foreseeable to him because they were within the scope of his agreement as to the conspiracy. *See United States v. Barragan*, 871 F.3d 689, 715–16 (9th Cir. 2017) (cleaned up) (noting that in RICO Conspiracy sentencing, district courts may "make factual determinations not made by the jury and may" use such determinations "in setting the offense level," which, in turn, "may depend on which predicate acts were reasonably foreseeable and attributable to a defendant"); *see also, e.g.*, *Reyes*, 772 F.3d at 1161 (finding no clear error in district court's conclusion that defendant's co-conspirators' actions were "reasonably foreseeable" to him due in part to his high level of responsibility and administrative involvement with the conspiracy). Because the district court correctly calculated the sentence and did not rely on

5

clearly erroneous facts, the district court did not abuse its discretion in calculating the life sentence for RICO Conspiracy.

## II

For the first time on appeal, Guevara challenges two conditions of supervised release as impermissibly delegating to a probation officer the authority to decide whether to impose inpatient treatment. As the parties agree, plain error review applies because he did not object to the conditions at sentencing. *United States v. Nishida*, 53 F.4th 1144, 1150 & n.2 (9th Cir. 2022). "Plain error is (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Bautista*, 989 F.3d 698, 701–02 (9th Cir. 2021) (internal quotations and citation omitted). "An error is plain if it is 'contrary to the law at the time of appeal.'" *Id.* at 702 (quoting *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc)).

The challenged conditions, as orally pronounced at sentencing, are: "you must participate in a mental health treatment program and pay your fair share," and "you must participate in a substance abuse program that includes treatment and testing as directed by probation and pay your fair share." Contrary to Guevara's argument, the conditions are essentially identical to language approved in *United States v. Stephens*, 424 F.3d 876, 882 (9th Cir. 2005), where we held that the

conditions properly gave the probation officer discretion only "to perform the ministerial tasks of choosing the appropriate program and facilitating Stephens' attendance." A sentencing condition equivalent to that approved in *Stephens* and not disturbed in subsequent cases examining conditions of supervised release is not "contrary to the law." *Bautista*, 989 F.3d at 702; *see, e.g.*, *Nishida*, 53 F.4th at 1155; *United States v. Taylor*, 78 F.4th 1132, 1137 (9th Cir. 2023). Unlike in *Nishida*, the conditions here authorize only outpatient treatment. The district court's reliance on *Stephens* therefore did not constitute plain error.

III

Guevara contends that a limited remand is required for correction of errors in the district court's oral pronouncement of his sentence. Specifically, in pronouncing the sentence, the district court erroneously referred to "Count 5," "Count 6," "Count 7," and "Count 8," instead of Counts 25, 26, 27, and 28, though later in the hearing when discussing the conditions of supervised release, the court referred to counts "25 through 30." Guevara was not convicted of Counts 5 through 8, and the written judgment listed the counts correctly. Guevara did not object during the hearing, so plain error review applies.

Here, the government and Guevara agree that the district court's misstatement as to the count numbers was simply an inadvertent error, and that the

7

written judgment lists the correct counts.  They agree that remand to correct the oral pronouncement would be pointless, so long as the correct sentence is reflected in the record.  If the court makes an inadvertent clerical error, the proper remedy is to correct the error, and not vacate the sentence.  *See United States v. Rivera-Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000).  Therefore, pursuant to Fed. R. Crim. P. 36, we correct the record and confirm that the correct count numbers are reflected in the written judgment.

**AFFIRMED.**